IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE J. ALMENDAREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 17-587 |
| PA STATE LOTTERY | ) ) |
| and | ) ) |
| RIVERS CASINO | ) ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Pending before the court is a handwritten letter from Jesse J. Almendarez ("plaintiff") to the clerk of court, which the court has construed as a motion to amend or reopen the complaint in Civil Action No. 17-587 (ECF No. 11). The motion can be resolved without a response from defendants.

On May 5, 2017, plaintiff filed two complaints, one against the PA State Lottery at civil action number 17-587, (17-587 ECF No. 1), and the other against Rivers Casino at civil action number 17-588. (17-588 ECF No. 1). On June 12, 2017, plaintiff filed a third complaint against the PA State Lottery at civil action number 17-589, (17-589 ECF No. 5). All three complaints involve the same kind of claim, namely, that the named defendant engaged in a "false advertising" scheme to promote gambling.

On July 27, 2017, the court issued an opinion and order (ECF Nos. 8, 9), dismissing the complaints without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained at length in

1

the opinion, the court determined that plaintiff failed to state a valid federal claim and failed to establish the requirements for this court to exercise diversity of citizenship jurisdiction.

The court instructed that if Almendarez did not file an amended complaint by August 17, 2017, the cases would be closed. Almendarez did not file a timely amended complaint. On September 13, 2017, the court issued an order closing the cases (ECF No. 10).

There has been no activity on the docket for almost three years. On May 26, 2020, Almendarez submitted the pending motion. Almendarez represents that the amount in controversy exceeds $75,000 and explains that he attempted to settle the cases while located at the Federal Medical Center in Butner, North Carolina, where he is civilly committed. Although it is difficult to determine the precise relief requested, it appears that Almendarez is asking the court to reopen or settle the cases.

Pursuant to 28 U.S.C. § 1915, the court must dismiss any case in which the complaint asserts claims that are frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Although courts have a special obligation to construe a *pro se* litigant's pleadings liberally, *see* Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011), the court concludes there is no basis to reopen these cases. To the extent that Almendarez is requesting a settlement, the court, obviously, lacks authority to impose a settlement on the parties.

The court's 2017 opinion explained at length why Almendarez's original complaints failed to state any viable claims. Although Almendarez now recites facts that may support diversity of citizenship jurisdiction, he has not pleaded a cognizable claim. At most, the attachments to the motion allege unsubstantiated claims of winning Pennsylvania lottery tickets

and jackpots on Rivers Casino slot machines.  The May 26, 2020 motion did not address the shortcomings identified by the court in its 2017 opinion or explain why Almendarez is entitled to relief.  In sum, reopening the cases would be futile.

In addition, Almendarez provided no explanation or justification for failing to comply with the court's deadline (almost three years ago) to file an amended complaint.  The court is not aware of a proper procedural basis for Almendarez to renew his complaint after this lengthy passage of time.  *See* Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC, No. CV 15-50, 2017 WL 2985432, at *9 (W.D. Pa. July 13, 2017) (declining to reinstate complaint under Federal Rules of Civil Procedure 60(b), 59(e), or 54(b), or pursuant to the court's inherent power).  As the court explained, adhering to the original dismissal of the case supports the fairness of finality and protects the defendants from prejudice caused by a plaintiff's substantial delays in litigating the case.  Id. at *7.  The same analysis applies in this case.

For the foregoing reasons, this court is compelled to dismiss plaintiff's motion to amend or reopen his complaint (ECF No. 11). An appropriate order will follow.


Dated:  June 17, 2020                                    /s/ Joy Flowers Conti
                                                                            Joy Flowers Conti
                                                                            Senior United States District Judge